**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM ST. GERMAIN,**

                              **Petitioner,**

  vs.
                                                          **9:13-CV-1530**

**STEPHEN RACETTE, Superintendent,**                    **(MAD/DEP)**
**Great Meadow Correctional Facility,**

                              **Respondent.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**WILLIAM ST. GERMAIN**
**88-C-0712**
Great Meadow Correctional Facility
Comstock, New York 12821
Petitioner *pro se*

**OFFICE OF THE NEW YORK**            **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 12224
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

     William St. Germain ("Petitioner") has filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 10. Petitioner has stated multiple grounds for relief, among them deprivation of liberty without due process of law, violations of equal protection and due process, and cruel and unusual punishment. *See id.* at 12-14. Petitioner alleges various inadequacies related to his collateral challenges to his conviction in New York State court. *Id.*

Petitioner's federal habeas petition was not filed until December 12, 2013, despite the fact that he pled guilty to and was convicted of rape in the first degree and murder in the first degree in 1988.

Currently before the Court is the petition, Magistrate Judge Peebles's Report and Recommendation, and Petitioner's objections thereto.

## II. BACKGROUND

On October 12,1988, Petitioner was convicted of one count of rape in the first degree and one count of murder in the second degree. Dkt. No. 10 at 1; Dkt. No. 14-3 at 2-13. Petitioner pled guilty to both charges and was sentenced to concurrent indeterminate sentences of incarceration of twenty-three years to life for the murder charge and twelve and one-half years to twenty-five years for the rape charge. Dkt. No. 14-3 at 14-26. As a condition of his plea deal, Petitioner waived the right to appeal, except as to a challenge to his plea. Dkt. No. 10 at 1; Dkt. No. 14-3 at 25. Petitioner did not file a direct appeal. Since his conviction, Petitioner has commenced multiple collateral challenges in New York State courts, including three separate motions to vacate pursuant to New York Criminal Procedure Law ("CPL") § 440.10 (all of which were resolved by April of 1993) and two habeas petitions.[1] Dkt. No. 19 at 4-6.

Petitioner's first habeas petition was dismissed in 1992 by Judge Robert A. Contigulia due to one of Petitioner's CPL § 440.10 motions pending before the Fourth Department. Dkt. No. 14-2 at 84. This dismissal was affirmed by the Fourth Department (Dkt. No. 14-2 at 119, *People ex rel. St. Germain v. Walker*, 202 A.D.2d 1053 (4th Dep't 1994)) and Petitioner's leave to appeal

---

[1] Magistrate Judge Peebles also noted in his Report and Recommendation that Petitioner may have filed additional requests for relief, including state habeas petitions, but they appear to be unrelated to the matter before the Court. *See* Dkt. No. 19 at 7-8, n.4.

was ultimately denied by the New York State Court of Appeals on June 14, 1994. Dkt. No. 14-2 at 120; *People ex rel. St. Germain v. Walker,* 83 N.Y.2d 758 (1994).

Petitioner's second habeas proceeding was filed in the Third Department on March 22, 2013, roughly eighteen years after his first petition was resolved. Dkt. No. 14-2 at 121-40. The court denied this petition on May 19, 2013, without requiring a response from the named respondent. *See* Dkt. No. 14-2 at 142. The Court of Appeals then denied Petitioner's application for leave to appeal from the determination of the Third Department. Dkt. No. 14-2 at 151.

Petitioner then commenced this proceeding on December 12, 2013. Dkt. No. 1. In a December 27, 2013 Decision and Order, the Court conducted an initial review of the petition and granted Petitioner's application for leave to proceed *in forma pauperis*. Dkt. No. 3 at 4-6. In its Decision and Order, the Court was unable to determine, based on the facts provided, whether the petition was timely, whether Petitioner was subject to statutory or equitable tolling, or whether Petitioner was subject to an equitable exception to the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Dkt. No. 3 at 4-6. Petitioner was provided an opportunity to file an amended petition to address these deficiencies. *Id.* at 5-7.

On March 28, 2014, Petitioner filed an amended petition. Petitioner's arguments for habeas relief were summarized by Magistrate Judge Peebles as follows:

> (1) [H]e was deprived procedural due process and equal protection when the Appellate Division failed to issue a writ of habeas corpus; (2) he was denied equal protection and due process when the Appellate Division permitted the Attorney General to avoid responding to his petition and unilaterally decided its outcome; and (3) he is being subjected to cruel and unusual punishment based on his continued incarceration after demonstrating his entitlement to a writ of habeas corpus.

Dkt. No. 19 at 8-9. Although the amended petition did not address the issue of timeliness, in deference to Petitioner's *pro se* status, the Court ordered Respondent to file a response limited to

3

the issues of timeliness and whether statutory or equitable tolling or an equitable exception would apply.  Dkt. No. 13 at 3-4.

On July 31, 2014, Respondent filed a memorandum of law addressing the issue of timeliness, along with the available state-court transcripts and records concerning the initial matter and Petitioner's post-conviction proceedings.  Dkt. Nos. 14, 14-2, 14-3.  Although Petitioner filed a reply, he again addressed the merits of the case and not the limited question of timeliness.  Dkt. No. 16.

On September 10, 2015, Magistrate Judge Peebles issued his Report and Recommendation recommending that the Court dismiss the petition as time-barred under the AEDPA.  *See* Dkt. No. 19 at 13-14.  Magistrate Judge Peebles found that Petitioner was not subject to either equitable tolling or an equitable exception based on a showing of actual innocence.  *Id.* at 14-18.

Petitioner filed objections to Magistrate Judge Peebles's Report on September 24, 2015. Dkt. No. 20.  Generally, Petitioner raises the following arguments in his objections: (1) the petition was timely because New York State Law regarding habeas proceedings "allows an inmate to restart his challenge" and because New York State habeas corpus proceedings qualify as a "separate proceeding," his petition conforms to the rules set forth in the AEDPA; (2) all evidence available at the time of his convictions should be considered "new evidence" relevant to a showing of actual innocence because Petitioner did not receive a jury trial; and (3) the removal of Judge Mulroy from the bench years after Petitioner's conviction constitutes "new evidence" relevant to a showing of actual innocence.  *Id.* at 5-6.

### III. DISCUSSION

**A.      Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. This Court therefore reviews the objected-to portions of the Report *de novo*.

**B.     Statute of Limitations**

One of the most significant changes to a prisoner's litigation landscape that was brought about by Congress' enactment of the AEDPA was the institution of a one-year statute of limitations applicable to habeas petitions filed after April 24, 1996. *See* 28 U.S.C. § 2244(d). The law now provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003). As the Supreme Court observed in *Duncan v. Walker*, 533 U.S. 167 (2001), this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179; *see also Strauss v. Yelich*, No. 09-CV-0341, 2010 WL 1972781, *3 (N.D.N.Y. May 17, 2010) (citing *Duncan*, 533 U.S. at 179).

The AEDPA's statute of limitations contains a tolling provision which can serve to mitigate the potential harshness of the one-year filing requirement. *See* 28 U.S.C. § 2244(d)(2). This provision

> balances the interests served by the exhaustion requirement and the
> limitation period. Section 2244(d)(2) promotes the exhaustion of
> state remedies by protecting a state prisoner's ability later to apply
> for federal habeas relief while state remedies are being pursued. At
> the same time, the provision limits the harm to the interest in
> finality by according tolling effect only to properly filed
> application[s] . . . .

*Pace v. DiGuglielmo*, 544 U.S. 408, 427 (2005) (quoting *Duncan*, 533 U.S. at 179-80). It is well-settled, however, that this savings provision only tolls the statute of limitations during the pendency of a properly-filed state court proceeding; it does not "reset" the one-year limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Duell v. Conway*, No. 9:07-CV-1321, 2010 WL 2695641, \*4 (N.D.N.Y. May 6, 2010) (citation omitted).

Petitioner commenced this proceeding on December 12, 2013, well beyond the termination of the grace period on April 24, 1997. Petitioner argues that his collateral challenges and, specifically, the fact that he had filed for habeas relief in New York Courts essentially "restarts" the statute of limitations. *See* Dkt. No. 16 at 3; Dkt. No. 20 at 5. If any of Petitioner's actions were filed between April 24, 1996 and April 24, 1997 they would be subject to tolling while they were pending in the state courts. *See Ross*, 150 F.3d at 103. However, Petitioner did not file any actions during this period. As noted by Magistrate Judge Peebles in his Report, except for Petitioner's second habeas petition in the New York State court system, his collateral challenges were all resolved by June 14, 1994. *See* Dkt. No. 19 at 12-13. Petitioner then initiated his second habeas petition in state court on March 22, 2013, placing all of his collateral challenges either before or after the grace period expired. As no action for state relief was

7

commenced during the grace period between April 24, 1996 and April 24, 1997, Petitioner's habeas claim is not subject to the tolling provisions of Section 2244(d)(2). *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (holding that proper calculation of Section 2244(d)(2)'s tolling provision only excludes time during which properly filed state relief applications are pending and finding that it does not reset the date that the statute of limitations begins to run).

### *2. Equitable Tolling*

Even if a petitioner's action would otherwise be time barred by the AEDPA, a petitioner's claims can be heard on the merits if the petitioner is entitled to equitable tolling. A court may only equitably toll a petitioner's claim in "rare and exceptional circumstances," *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004), and the petitioner must establish that "he has been pursuing his rights diligently and . . . that some extraordinary circumstances stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005); *see also Menefee*, 391 F.3d at 159 ("To qualify for [equitable tolling], the petitioner must establish that 'extraordinary circumstances prevented him from filing his petition on time'"). The petitioner also carries to burden of proving a causal connection between the extraordinary circumstances and the late filing. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

As Magistrate Judge Peebles noted in his Report and Recommendation, nothing in the record suggests that Petitioner was unable to bring a federal habeas petition prior to the termination of the grace period on April 24, 1997 due to extraordinary circumstances. Petitioner also does not allege in his objections any extraordinary circumstances that would have prevented his filing before that date. Petitioner's claims are therefore not subject to equitable tolling.

### *3. Actual Innocence*

Although the one year statute of limitations imposed by the AEDPA and the expiration of both the statute and the one-year grace period provided for petitioners with convictions before the enactment of the AEDPA make this claim time-barred, the Court must also consider Petitioner's assertion of actual innocence to determine if his claims can be heard on the merits despite their time-barred status. *See Schlup v. Delo*, 513 U.S. 298 (1995). Following the Supreme Court's decision in *Schlup*, the Second Circuit held that "a habeas petitioner 'may use a claim of actual innocence as a "gateway," or a means of excusing his procedural default'" to have his constitutional challenges heard on their merits. *Rivas v. Fischer*, 687 F.3d 514, 539 (2d Cir. 2012) (quoting *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004)). This includes the procedural defect of filing a petition for habeas corpus after the AEDPA statute of limitations and subsequent grace period has expired. *Rivas*, 687 F.3d at 552. A claim of actual innocence must be both credible and compelling. *Id.* at 541. A claim is credible if it is "supported by new reliable evidence . . . that was not presented at trial." *Id.* (quoting *Schlup*, 513 U.S. at 324). A claim is also compelling if the petitioner can demonstrate that, more likely than not, any reasonable juror would have reasonable doubt as to the petitioner's guilt in light of the new evidence. *Id.*; *see House v. Bell*, 547 U.S. 518, 538 (2006). The focus is therefore not on the power of the jury to come to a different decision but rather, based on their consideration of the new evidence, whether a reasonable juror is likely to have a reasonable doubt as to the petitioner's guilt. *See Rivas*, 687 F.3d at 542.

Applying this standard to Petitioner's claims, he has not made a successful showing of actual innocence. In consideration of a claim of actual innocence, a court may consider relevant evidence that was either excluded or unavailable at trial. *See Schlup*, 513 U.S. at 327-28. Petitioner argues that all of the documentation submitted in the original habeas petition qualifies

9

as "new evidence" based on his acceptance of a plea deal that precluded him from going to trial. Petitioner relies on the court's findings in *Lopez v. Miller* in which "new evidence" was stated as being evidence "not heard by the jury." *Lopez v. Miller*, 915 F. Supp. 2d 373, 400 (E.D.N.Y. 2013) (citing *Rivas*, 687 F.3d at 543). However, the court's decision in *Schlup* indicates that the evidence to be considered must not have been available for a petitioner to use at trial and must be relevant to the petitioner's defense. Unlike Petitioner, the petitioner in *Lopez* went to trial rather than accept a plea deal, and the reason for the court's findings in that case was related to the fact that evidence had been either suppressed by the state court, misrepresented by the prosecution, or not properly introduced by counsel for the defense during the trial. *Lopez*, 915 F. Supp. 2d at 431. Similarly, in *Rivas*, the petitioner was convicted as a result of a trial where relevant evidence was discovered after the petitioner's conviction. *See Rivas*, 687 F.3d at 528 (noting that the petitioner discovered relevant evidence of the medical examiner's fraudulent testimony after he was convicted).

By contrast, the documentation submitted during the original habeas proceeding was discoverable and available at the time Petitioner accepted the plea deal. Dkt. No. 19 at 16. Had Petitioner chosen to go to trial, he could have used it in his defense. *Id.* What therefore prevented Petitioner from introducing this evidence to a jury was Petitioner's choice to accept his plea deal, rather than the type of erroneous conduct discussed in *Lopez* or the discovery of new facts as in *Rivas*. Furthermore, even if this Court were to consider the documentation in question as credible new evidence, Petitioner's guilty plea seriously undermines the credibility of his claims of actual innocence. *See Chestang v. Sisto*, 522 Fed. Appx. 389, 390 (9th Cir. 2013); *see also Johnson v. Medina*, 547 Fed. Appx. 880, 885 (10th Cir. 2013) (citations omitted). Therefore

the documentation that Petitioner had access to prior to his acceptance of his plea deal cannot be considered "new evidence."

Petitioner also objects to Magistrate Judge Peebles' findings that he has not submitted "new evidence" in support of a claim of actual innocence by claiming that Judge Mulroy was removed from the bench years after his conviction. Dkt. No. 20 at 2-3. The Court in *Schlup* stated that a court may consider "*relevant* evidence that was either excluded or unavailable at trial." *Schlup,* 513 U.S. at 327-328. Here, Petitioner has not established that Judge Mulroy's removal from the bench is relevant in any way to his decision to accept his plea or his conviction. Petitioner only alleges that Judge Mulroy's removal proves that he was "certainly capable" of committing misconduct during Petitioner's proceedings. Dkt. No. 20 at 3. Merely claiming that Judge Mulroy was capable of committing misconduct is not "new evidence" relevant to his claims of actual innocence.

In light of the fact that Petitioner has not submitted any evidence that can be considered "new evidence," the Court cannot find that Petitioner has successfully established a claim of actual innocence. Accordingly, the petitioner is hereby denied and dismissed.

## C.    **Certificate of Appealability**

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from — (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[2] 28 U.S.C. § 2553(c)(1). A court

---

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

After carefully considering Magistrate Judge Peebles's Report-Recommendation and Order, Petitioner's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**CERTIFIES** that any appeal from the dismissal of this action would not be taken in good faith.

**IT IS SO ORDERED.**

Dated: November 25, 2015
       Albany, New York

Mae A. D'Agostino
U.S. District Judge